UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
BROOKLYN DIVISION
COURT FILE NO.: CV - _____

| | |
|---|---|
| FRANTZ JEANTY,<br><br>                Plaintiff,<br>v.<br><br>GREEN TREE SERVICING, LLC<br><br>                Defendant. | **COMPLAINT**<br><br><br>**JURY TRIAL DEMANDED** |

## JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d).

2. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA").

3. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendant's transact business here.

## PARTIES

4. Plaintiff, Frantz Jeanty, is a natural person who resides in the City of New York, County of Kings, State of New York, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5. Green Tree Servicing (hereinafter "Defendant") is a collection agency operating from an address of 345 St. Peter Street, St. Paul, Minnesota, 55102, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

6. Defendant has a registered agent for service of process by the name of CT Corporation System with an address of 111 Eighth Avenue, New York, New York, 10011.

## FACTUAL ALLEGATIONS

7. Sometime around 2007, Plaintiff Frantz Jeanty incurred a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

8. Sometime thereafter, the alleged debt was consigned, placed or otherwise transferred to Defendant for collection from the Plaintiffs.

9. On or about, February 11, 2013, Defendant contacted Plaintiff's tenant at property address: 12001 Old Columbia Pike #611, Silver Spring, MD 20904.

10. Defendant disclosed personal financial information and that they were attempting to collect a debt from the Plaintiff.

11. Plaintiff's tenant asked Defendant to cease all calls.

12. After this initial phone call, Defendant called Plaintiff's property manager.

13. Defendant disclosed that Plaintiff owed a debt to Plaintiff's property manager.

14. These phone calls made by Defendant's debt collectors on these occasions referenced above were violations of numerous and multiple provisions of the FDCPA including but not limited to 15 U.S.C. § 1692b(2), 1692c(b), and 1692e(10).

15. Plaintiff has suffered actual damages as a result of this illegal collection communications by the Defendant in the form of anger, anxiety, emotional distress, fear, frustration, upset, humiliation, embarrassment, amongst other negative emotions, as well as suffering from unjustified and abusive invasions of personal privacy.

## TRIAL BY JURY

16. Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable. US Const. amend. 7. Fed.R.Civ.P. 38.

## CAUSES OF ACTION

### COUNT I
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692 et seq.

17. Plaintiff repeats and realleges and incorporates by reference paragraphs 1 through 16.

18. Defendant violated the FDCPA. Defendants violations include, but are not limited to, the following:

    (a) The Defendants violated 15 U.S.C. §1692b(2) by stating the consumer owes a debt.

    (b) The Defendants violated 15 U.S.C. §1692c(b) by communicating with anyone except consumer, consumer's attorney, or credit bureau concerning the debt.

    (c) The Defendants violated 15 U.S.C. §1692e(10) by any false representation or deceptive means to collect a debt or obtain information about a consumer.

19. As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from Defendant herein.

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant:

- For an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendant and for Plaintiff;

- For an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendant and for Plaintiff;

- For an award of litigation costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendant and for Plaintiff;

- Actual damages from the Defendants for all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations.

- For such other and further relief as may be just and proper.

Dated: December 10, 2013                    Respectfully Submitted,

/s/Daniel Goldsmith Ruggiero
Attorney for Plaintiff
*MA Office*
P.O. Box 291
Canton, MA 02021
**(All correspondence to MA Office)**
*NY Office*
445 Broad Hollow Rd., Suite 25
Melville, NY 11747
(339) 237-0343 (phone)
(339) 707-2808 (fax)